Filed 4/4/24  P. v. Macias CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081599 |
| v. | (Super.Ct.No. FVI025322) |
| RUBEN MACIAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory Tavill, Judge.  Affirmed.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

In 2007, defendant and appellant Ruben Macias was convicted by a jury of special circumstance first degree murder (Pen. Code,[1] § 187) and sentenced to life without the possibility of parole. In 2022, defendant filed a motion pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, seeking a hearing (*Franklin* hearing) to preserve evidence of youth-related mitigating factors that may be relevant to a future youthful offender parole hearing under section 3051.[2] The trial court denied the motion on the ground that, under section 3051, persons serving a sentence of life without the possibility of parole are not eligible for youthful offender parole hearings.

Defendant appeals, asserting only a facial challenge to the constitutional validity of section 3051 on the ground that treating youthful offenders sentenced to life without the possibility of parole differently than other youthful offenders violates the United States and California constitutions' guarantees of equal protection. We respectfully find defendant's argument unpersuasive for the same reasons we articulated in *People v. Ngo* (2023) 89 Cal.App.5th 116, review granted May 17, 2023, S279458 (*Ngo*), and the reasons expressed by the California Supreme Court's recent opinion in *People v. Hardin* (Mar. 4, 2024, S277487)___Cal.5th___[2024 Cal.Lexis 1076] (*Hardin*). As such, we affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Generally, for purposes of section 3051, a youthful offender is an individual who was under 25 years of age or younger at the time the person committed the offense for which the person was incarcerated. (§ 3051, subd. (a)(1), (a)(2)(B).)

## II.  BACKGROUND

In 2007, defendant was convicted by a jury of first degree murder (§ 187; count 1); two counts of attempted murder (§§ 187, 664, counts 2, 3); one count of prohibited possession of a firearm (§ 12021, subd. (a), count 4); and one count of street terrorism (§ 186.22, subd. (a), count 5).  The jury also found true special allegations that the murder in count 1 was committed while defendant was an active participant in a criminal street gang and for the purpose of furthering the activities of the gang (§ 190.2, subd. (a)(22)); the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)); and defendant personally used a firearm causing death in the commission of the offenses (§ 12022.53, subd. (d)).  In addition, defendant admitted he had suffered a prior prison term within the meaning of former section 667.5, subdivision (b).  Defendant was sentenced to life in state prison without the possibility of parole, as well as a term of 25 years to life for the personal use of a firearm causing death on count 1.[3]  At the time defendant committed the offenses, he was 24 years of age.

---

[3] Defendant was also sentenced to (1) a term of 40 years to life for each of the attempted murder convictions, representing 15 years to life for each attempted murder (§§ 187, 664, counts 2, 3), enhanced by a consecutive term of 25 years to life for the personal use of a firearm in the commission of the offenses (§ 12022.53, subd. (d)); (2) a consecutive term of four years for active participation in a criminal street gang (§ 186.22, subd. (a), count 5), representing the upper term of 3 years, enhanced by an additional year for the prison prior (former § 667.5, subdivision (b)); and (3) a consecutive term of 3 years for prohibited possession of a firearm (§ 12021, subd. (a), count 4), representing the middle term of two years, enhanced by one year for the prison prior (former § 667.5, subdivision (b)).  Pursuant to section 654, the trial court stayed execution of sentence on count 4, as well defendant's one-year prison prior enhancements as to counts 1, 2, and 3.

In 2022, defendant filed a motion for a *Franklin* hearing seeking to preserve evidence for a potential youth offender parole hearing pursuant to section 3051. The trial court denied the motion, concluding that a *Franklin* hearing was unnecessary because defendant was statutorily ineligible for a youth offender parole hearing under section 3051. Defendant appeals the denial of his motion.

### III. DISCUSSION

The only argument asserted by defendant on appeal is that the trial court's denial of his motion for a *Franklin* hearing violated his right to equal protection under the United States and California constitutions. For the reasons set forth below, we disagree.

Section 3051 generally requires the board of parole hearings to periodically conduct "youth offender parole hearing[s]" during an offender's incarceration for persons who were 25 years of age or younger at the time they committed the underlying offense for which they were incarcerated. (§ 3051; *Franklin*, *supra*, 63 Cal.4th at p. 277.) However, youthful offenders who were older than 18 years of age at the time they committed the underlying offense and sentenced to life without the possibility of parole are not eligible for a hearing under the statute. (*Ibid.*) In this case, defendant contends that section 3051 denies him equal protection because youthful offenders who are sentenced to life without the possibility of parole are treated differently than all other youthful offenders. Because defendant's claim constitutes a facial challenge to the constitutional validity of the statute, we review the claim de novo. (*People v. Sands* (2021) 70 Cal.App.5th 193, 202 [claim that section 3051 violates equal protection rights reviewed independently] (*Sands*); *People v. Laird* (2018) 27 Cal.App.5th 458, 469 ["We

4

review an equal protection claim de novo."]; *People v. Yang* (2022) 78 Cal.App.5th 120, 125 [same].)

Generally, "[b]oth the state and federal Constitutions extend to persons the equal protection of law." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.) "At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification. . . . [¶] . . . [¶] [W]here the law challenged neither draws a suspect classification nor burdens fundamental rights, . . . [w]e find a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose." (*Id.* at pp. 288-289.) This rational basis review applies to the Legislature's decision "to define degrees of culpability and punishment, and to distinguish between crimes . . . ." (*Hardin*, *supra*,___Cal.5th___ [2024 Cal.Lexis 1076 at *4]; *People v. Williams* (2020) 47 Cal.App.5th 475, 492 [The rational basis test applies in determining whether carve-outs for certain offenders in section 3051 are unconstitutional under equal protection principles.].)

However, we need not discuss defendant's argument in detail. As defendant concedes, in *Ngo*, *supra*, 89 Cal.App.5th 116, this court rejected the exact argument he advances in this appeal. In that case, we concluded there were "several rational bases" that would justify section 3051's differential treatment of youthful offenders sentenced to life without the possibility of parole, including (1) the Legislature's potentially rational intent that section 3051 be a limited response to the precise issues identified by the California Supreme Court in *People v. Caballero* (2012) 55 Cal.4th 262; (2) the potentially rational conclusion that providing a youth offender parole hearing to an

5

offender who is not entitled to parole at all appears absurd; and (3) the fact that the Legislature could rationally recognize a difference in culpability for youthful offenders sentenced to life without the possibility of parole given the nature of the crimes subject to such punishment. (*Ngo*, *supra*, 89 Cal.App.5th at pp. 123-124.) In his reply brief, defendant concedes that his case is not factually distinguishable from *Ngo*, and defendant has declined to present any argument addressing the rationale adopted in *Ngo*.

More importantly, while this appeal was pending, the California Supreme Court issued its decision in *Hardin*, *supra*,___Cal.5th___[2024 Cal.Lexis 1076] concluding that section 3051's disparate treatment of youthful offenders sentenced to life without the possibility of parole does not violate equal protection, resolving the split of authority on this issue.[4] Given our high court's decision in *Hardin*, we conclude that the trial court did not err in denying defendant's motion for a *Franklin* hearing.

_____

[4] Our conclusion in *Ngo* was consistent with almost every published decision that has considered this issue (see *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1080-1081, review granted Apr. 12, 2023, S278803; *Sands*, *supra*, 70 Cal.App.5th at pp. 204-205; *People v. Morales* (2021) 67 Cal.App.5th 326, 347-349; *People v. Jackson* (2021) 61 Cal.App.5th 189, 199-200; *People v. Acosta* (2021) 60 Cal.App.5th 769, 780-781; *In re Williams* (2020) 57 Cal.App.5th 427, 433-436), with the exception of one case. However, that case has now been reversed by the California Supreme Court. (*Hardin*, *supra*,___Cal.5th___[2024 Cal.Lexis 1076].)

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                J.

We concur:

MILLER _____
            Acting P. J.


MENETREZ _____
                    J.